UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

GERRY W. FOWLER, SR.,

    **Plaintiff,**

v.                                        ACTION NO. 2:23cv566

INTERNAL REVENUE SERVICE, *et al.*,

    **Defendants.**

## DISMISSAL ORDER

On November 13, 2023, Plaintiff Gerry W. Fowler, Sr. ("Plaintiff"), appearing *pro se*, paid the requisite fees and filed a Complaint in this Court. Compl., ECF No. 1; Receipt, ECF No. 1-1. In his Complaint, which is titled, "Narrative of events from the 1980's," Plaintiff provided a summary of events that he allegedly experienced over the past 40-plus years. Compl. at 1-18. For example, Plaintiff described his time spent in the United States Navy in the 1970's, his work-related experiences following his departure from the Navy, his relocation from Texas to Virginia in 2005, his experiences with certain credit union representatives, his involvement in certain car accidents, and his belief that he has been overmedicated by physicians for many years. *Id.*

On the first page of his Complaint, Plaintiff handwrote the names of two entities for whom Plaintiff previously worked, i.e., the Internal Revenue Service ("IRS") and Zales Corporation ("Zales"). *Id.* at 1. Thus, it appeared that Plaintiff intended to name the IRS and Zales as the Defendants in this action. However, although the Complaint discussed Plaintiff's past employment with the IRS and Zales, the Complaint made no mention of any particular legal claims that Plaintiff sought to assert against either entity. *Id.* at 5-12.

Upon review, the Court determined that Plaintiff's Complaint did not adequately establish that jurisdiction was proper in this Court. Order Show Cause at 2, ECF No. 2. In an Order to Show Cause entered on December 18, 2023, the Court stated:

> Federal courts are courts of limited jurisdiction, meaning that a federal court is empowered to consider only certain types of claims. *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009). A federal court has subject matter jurisdiction (i) over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties ("diversity jurisdiction"); and (ii) over civil cases "arising under the Constitution, laws, or treaties of the United States" ("federal question jurisdiction"). 28 U.S.C. §§ 1331, 1332.
>
> Courts have an "independent duty to ensure that jurisdiction is proper and, if there is a question as to whether such jurisdiction exists, [they] must 'raise lack of subject-matter jurisdiction on [their] own motion,' without regard to the positions of the parties." *Mosley v. Wells Fargo Bank, N.A.*, 802 F. Supp. 2d 695, 698 (E.D. Va. 2011) (citing *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)); *see Plyler v. Moore*, 129 F.3d 728, 731 n.6 (4th Cir. 1997) ("[Q]uestions concerning subject-matter jurisdiction may be raised at any time by either party or *sua sponte* by [the] court."). As set forth in Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

*Id.*

The Court concluded that Plaintiff's Complaint did not identify any basis upon which this Court could exercise jurisdiction over this action. *Id.* (citing Compl. at 1-18). The Court further stated:

> Additionally, even if Plaintiff could identify a valid basis for jurisdiction, it appears that Plaintiff's Complaint, in its current form, would nevertheless be subject to dismissal. A complaint may be "subject to dismissal pursuant to the inherent authority of the [C]ourt, even when the filing fee has been paid," if the Court determines that the complaint is frivolous. *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012). A complaint may be deemed frivolous if the claims asserted therein "fall[] well outside the applicable statutes of limitations." *Prasad v. Delta Sigma Theta Sorority, Inc.*, No. 3:16cv897, 2017 U.S. Dist. LEXIS 164433, at *5 (E.D. Va. Oct. 3, 2017) (dismissing a *pro se* plaintiff's complaint as frivolous "for falling well outside the applicable statutes of limitations"). In this action, it appears that any claims that Plaintiff may seek to assert against the IRS or Zales would be based on conduct that allegedly occurred at least 18 years ago, which

2

would presumably fall well outside the statute of limitations period for any intended claim. *See* Compl. at 5-13 (noting that Plaintiff worked for the IRS and Zales prior to relocating to Virginia in 2005).

*Id.* at 2-3.

Although dismissal of this action was warranted on multiple grounds, the Court, in deference to Plaintiff's *pro se* status, chose not to immediately dismiss this action. *Id.* at 3. Instead, the Court provided Plaintiff an opportunity to file an Amended Complaint. *Id.* The Court stated:

> Plaintiff is **ORDERED** to **SHOW CAUSE** why this action should not be dismissed for the reasons set forth herein by filing an Amended Complaint within thirty days of the date of entry of this Order to Show Cause. Plaintiff is ADVISED that the Amended Complaint will supersede his initial Complaint and will become the operative complaint in this action. As such, the Amended Complaint must:
>
> (i)   be clearly labeled as Plaintiff's Amended Complaint;
> (ii)  clearly identify the intended Defendant(s);
> (iii) clearly state, with specificity, each claim that Plaintiff intends to assert against the Defendant(s);
> (iv)  clearly identify a valid basis for this Court's jurisdiction over all asserted claims; and
> (v)   clearly set forth all factual allegations upon which each asserted claim is based.

*Id.* The Court specifically warned Plaintiff that this case may be dismissed if he failed to comply with the terms of the Order to Show Cause. *Id.* at 3-4 (citing Fed. R. Civ. P. 41(b)).

On January 2, 2024, Plaintiff filed a Motion for Extension, in which he asked the Court to extend his deadline to file an Amended Complaint. Mot. Extension, ECF No. 3. In an Order entered on February 14, 2024, the Court granted Plaintiff's motion and ordered Plaintiff to file his Amended Complaint within thirty days. Order at 1, ECF No. 4. The Court warned Plaintiff that this case may be dismissed if he failed to comply with the terms of the February 14, 2024 Order. *Id.* at 1-2 (citing Fed. R. Civ. P. 41(b)).

Plaintiff did not file an Amended Complaint, and his extended deadline to do so has expired. Without an Amended Complaint, the Court is left with an operative complaint that does not adequately establish that jurisdiction is proper in this Court. *See* Order Show Cause at 2 (explaining that Plaintiff's Complaint does not identify any basis upon which this Court could exercise jurisdiction over this action). Accordingly, this civil action is **DISMISSED** without prejudice for lack of subject matter jurisdiction pursuant to Federal Rule 12(h)(3).[1] *See* Fed. R. Civ. P. 12(h)(3) (explaining that "the court must dismiss the action" "[i]f the court determines at any time that it lacks subject-matter jurisdiction").

Plaintiff may appeal this Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, Norfolk Division, 600 Granby Street, Norfolk, Virginia 23510. The written notice must be received by the Clerk within sixty days of the date of entry of this Dismissal Order. If Plaintiff wishes to proceed *in forma pauperis* on appeal, the application to proceed *in forma pauperis* shall be submitted to the Clerk of the United States District Court, Norfolk Division, 600 Granby Street, Norfolk, Virginia 23510.

The Clerk is **DIRECTED** to send a copy of this Dismissal Order to Plaintiff.

IT IS SO **ORDERED**.

/s/ *Mark S. Davis*
Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

April 9, 2024

---

[1] Further, as summarized above, even if the Court could exercise subject matter jurisdiction over this action, dismissal would also be warranted on alternate grounds. For example, this action would be subject to dismissal (i) pursuant to the Court's inherent authority to dismiss frivolous lawsuits; and (ii) pursuant to Federal Rule 41(b) based on Plaintiff's failure to comply with the terms of prior Orders of the Court. *See Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012); *see also* Fed. R. Civ. P. 41(b) (explaining that the Court may dismiss an action when a plaintiff fails to prosecute the action or fails to comply with an Order of the Court).